(No. 84-CC-2714—

LENNY CROSBY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 28, 1984.*

LAND OF LINCOLN LEGAL ASSISTANCE FOUNDATION, INC. (GEORGE BELL, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This claim is before the Court on the Respondent's stipulation of facts. The Respondent has stipulated that the facts as alleged in the Claimant's complaint are true and correct. Briefly, those facts are as follows. On June

10, 1981, judgment in the amount of $19,423.85 was entered for the Claimant and against the directors of the Illinois Department of Public Aid and the Illinois Department of Labor in their official capacities in a cause filed in the U.S. District Court, Central District of Illinois, No. 78—3067. The nature of the complaint was that the Claimant's constitutional statutory rights were infringed by the directors, acting under color of State law in violation of 42 U.S.C. sec. 1983. Pursuant to 28 U.S.C. sec. 1961 there is due and payable on that judgment interest at 14.000 percent compounded daily on this judgment. In addition to the aforesaid judgment amount and interest thereon, pursuant to 42 U.S.C. sec. 1988 the Claimant also is entitled to receive from the directors all reasonable attorney fees and expenses incurred subsequent to May 21, 1981, in defending the judgment upon appeal and in enforcing the judgment. Through April 19, 1983, those fees and expenses amounted to $3,920.68. This claim has not been satisfied by either the Department of Public Aid or the Department of Labor. These facts were confirmed by an affidavit by the assistant attorney general of record in the Federal matter, which affidavit was attached to the stipulation and incorporated therein.

The Respondent asserts in the stipulation that this is a good and legitimate claim against the State of Illinois, and that the Court of Claims is the only recourse for payment available to the Claimant and her attorneys. The affidavit adds that because the action underlying this claim was filed against the directors of the Departments of Public Aid and Labor, and because the Court made no determination of respective liability for each, there was no single department having any budget or appropriation for the payment of this claim. Respondent observed that the obligations under this action do not

appear to rest with either individual department but seem to be an obligation of the State of Illinois generally.

We have reviewed the record and find that we do not concur with the Respondent. Upon careful examination we are of the opinion that the State of Illinois is not liable for the judgment, interest, fees, and expenses. The Federal action out of which this claim arose was brought pursuant to 42 U.S.C. sec. 1983, 42 U.S.C. sec. 1988, and 28 U.S.C. sec. 1961, and was against directors of two State agencies and not the State itself. The various states of this country are immune from liability for monetary damages under those statutes pursuant to the eleventh amendment of the United States Constitution. (*Edelman v. Jordan* (1974), 415 U.S. 651, 39 L. Ed. 2d 662, 94 S. Ct. 1347.) Contrary to the Respondent's observation, it seems clear to us that the alleged obligations here are not of the State of Illinois generally nor either of the departments but apparently those of the directors.

Claimant alleged in his complaint that jurisdiction of this Court lies pursuant to section 3(a) of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.8(a)). Said statute reads as follows:

"Sec. 8. The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the state founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency, other than claims arising under the Workers' Compensation Act or the Workers' Occupational Diseases Act, or claims for expenses in civil litigation."

The Claimant in his complaint failed to allege any law or regulation of the State of Illinois upon which this claim is founded, and based on the pleadings we are unable to locate any. The facts alleged do not appear to bring this matter within the Court's jurisdiction because expenses in civil litigation are being claimed. (*Dewoskin v. State*

(1981), 35 Ill. Ct. Cl. 934.) The claim also does not appear to have to have been brought pursuant to "An Act to provide for representation and indemnification" (Ill. Rev. Stat. 1981, ch. 127, par. 1301 *et seq.*), for the claim was not made by a person covered by that Act and even if it were (brought by such a person) our decision in *Norman v. State* (1983), 35 Ill. Ct. Cl. 895, would seem to be controlling.

Accordingly, it is hereby ordered that this claim be, and hereby is, dismissed for failure to state a cause of action.